UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00214-TWP-TAB |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| IRENE WOODS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00214-TWP-TAB ) |
| IRENE WOODS, | ) -01 ) |
| Defendant. | ) |

**Order**

Pending before the Court are Irene Woods's *pro se* motion for release to home confinement, dkt. 53, and motion for compassionate release, dkt. 65, filed under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), in which she requests release due to the threat posed by the coronavirus pandemic. The Court reads Ms. Woods' motions, together with the brief in support filed by counsel, dkt. 66, as requesting a reduction of her term of imprisonment to time served and imposition of a special condition of supervised release that requires her to serve a portion of her two-year term of supervised release on home confinement.[1] For the reasons explained below, Ms. Woods's motions are **denied**.

---

[1] Ms. Woods' original *pro se* motion sought release to home confinement under the CARES Act, but her amended motion does not seek relief under the CARES Act. Thus, the Court considers that request abandoned. To the extent Ms. Woods seeks to serve out the rest of her sentence on home confinement under the CARES Act, the Court lacks authority to grant such relief. Pursuant to statute, the location of a prisoner's confinement is the sole province of the Bureau of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Ms. Woods' sentence to be served on home confinement. *United States v. Council*, No. 1:14-cr-14-5, 2020 WL 3097461, *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, *2 (S.D. Ind. Apr. 23, 2020). In addition, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand this Court's ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). Instead, consistent with § 3582(c)(1)(A), the Court may only reduce Ms. Woods' sentence of imprisonment and impose home confinement as a condition of any supervised release.

## I. Background

In October 2016, a grand jury returned an indictment against Ms. Woods charging her with five counts of wire fraud in violation of 18 U.S.C. § 1343 and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Dkt. 1. Ms. Woods filed a petition to enter plea of guilty and plea agreement in March 2019. Dkt. 32. She agreed to plead guilty to one count of wire fraud and one count of aggravated identity theft in exchange for dismissal of the remaining counts. *Id.*

As part of the plea agreement, Ms. Woods admitted that law enforcement officials identified 69 fraudulent tax returns that belonged to the fraud scheme developed by Ms. Woods. *Id.* at ¶ 17. These tax returns claimed over $350,000 in refunds. *Id.* During a search of Ms. Woods's home, law enforcement officials found approximately 100 debit cards issued in over 80 different names. *Id.* Ms. Woods admitted to preparing more than 20, but less than 100, fraudulent tax returns as part of the fraud scheme. *Id.*

In July 2019, the Court accepted Ms. Woods's guilty plea, granted the motion to dismiss the remaining counts, and sentenced Ms. Woods. Dkts. 47, 48, 49. Ms. Woods received an aggregate sentence of 37 months' imprisonment to be followed by two years' supervised release. Dkt. 49. This sentence was a downward departure from the range of imprisonment calculated under the United States Sentencing Guidelines. *See* dkt. 39 at ¶ 68 (finding a guideline range of 21-27 months' imprisonment on the wire fraud count and a mandatory consecutive sentence of 24 months' imprisonment on the aggravated identity theft count). Ms. Woods did not appeal her conviction or sentence.

On May 4, 2020, Ms. Woods filed a *pro se* motion requesting that she be permitted to serve the remainder of her sentence on home confinement. Dkt. 53. The Court appointed counsel to

represent Ms. Woods, dkts. 54, 56, and counsel filed an amended motion for compassionate release on August 24, 2020, dkts. 65, 66. In the amended motion, Ms. Woods explains that she is currently 36 years old, she has suffered from paranoid schizophrenia/schizoaffective disorder since she was a young teenager, and she weighs 229 pounds. (Dkt. 66 at 2). She contends that extraordinary and compelling reasons support a sentence reduction because her medical conditions place her at greater risk of developing severe symptoms if she contracts COVID-19.

The United States responded in opposition to the motion. The Government does not contest that Ms. Wood's medical condition may constitute an extraordinary and compelling reasons for her release, however, they assert that the sentencing factors identified in 18 U.S.C. § 3553(a) weigh against a sentence reduction. Dkt. 73.

Ms. Woods filed a reply, dkt. 74, and on January 8, 2021, filed a request for an expedited ruling on her motions because she tested positive for COVID-19 on December 28, 2020, dkt. 77.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

4

>   defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>   (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

---

[2] The United States does not contest that Ms. Woods has exhausted administrative remedies as required by § 3582(c)(1)(A). Dkt. 73 at 5 (acknowledging that the warden has not responded to Ms. Woods's administrative request for a sentence reduction).

5

§ 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of her sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180-81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

### III. Discussion

Ms. Woods is 36 years old and is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). *See* Federal Bureau of Prisons, *Inmate Locator*, *available at* www.bop.gov/inmateloc (last visited Jan. 25, 2021). In her amended motion, she states that she suffers from various medical conditions that increase her risk of suffering severe symptoms if she contracts COVID-19. Therefore, she argues that the combination of her medical conditions and the introduction and prevalence of COVID-19 in the correctional setting constitutes an extraordinary and compelling condition warranting a sentence reduction. *See* dkt. 66 at 9-15. In its response, the United States did not contest that Ms. Woods had demonstrated an extraordinary and compelling reason warranting a sentence reduction because she suffers from medical conditions that increase her risk of experiencing severe illness from COVID-19. Dkt. 73 at 8. It argued, however, that the sentencing factors listed in § 3553(a) weigh against a sentence reduction. *Id.* at 8-12.

After briefing was complete, Ms. Woods filed a notice informing the Court that she tested positive for COVID-19 on December 28, 2020. Dkt. 77. In the notice, she argued that the "increased risk of severe illness due to COVID-19 . . . now counsels towards her release to house arrest so that her condition can be appropriately monitored in case emergency medical attention is required." *Id.* At the Court's direction, the United States then filed Ms. Woods's medical records for the period beginning December 1, 2020, to the present. Dkt. 79. Those records show that Ms. Woods tested positive for COVI-19 on December 28, 2020, but that she remained asymptomatic. Dkt. 79-1 at 1, 3, 8. A treatment note dated January 12, 2021, shows that—as of that date—Ms. Woods had no cough, shortness of breath, fatigue, body aches, sore throat, diarrhea, headache, loss of taste or smell, or nausea or vomiting. *Id.* at 3.

### A. Extraordinary and Compelling Reason Warranting Reduction

As set forth above, one of the considerations for whether a defendant is entitled to release under § 3582(c)(1)(A) is whether she has presented an extraordinary and compelling reason warranting a sentence reduction. *See* U.S.S.G. § 1B1.13, Application Note 1(D). Ms. Woods contends that the extraordinary and compelling reason warranting a sentence reduction for her is her medical conditions. Specifically, she is obese and pre-diabetic, and she is a former smoker. Dkt. 66 at 1-2.

Ms. Woods has a body mass index over 40, *see* dkt. 75-1 at 3 (body mass index of 47.5 as of October 2020), and the Centers for Disease Control recognizes that individuals with severe obesity are at increased risk of severe illness from COVID-19, *see* Centers for Disease Control, *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-

8

ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Jan. 25, 2021). But Ms. Woods contracted COVID-19 about one month ago. She does not claim to be suffering from severe symptoms, and her medical records suggest that she has not experienced any symptoms at all. Accordingly, she has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. VanBuren*, No. 2:13-cr-16-JMS-CMM-01, dkt. 701 (S.D. Ind. Nov. 25, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 and had tested positive but only had a non-severe cough and a short-lived fever).

To the extent Ms. Woods's submissions can be read to suggest that the possibility of reinfection constitutes an extraordinary and compelling reason warranting release, the result does not change. The Court recognizes that FMC Lexington is currently experiencing an outbreak of COVID-19. But any reliance on the possibility that Ms. Woods will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Jan. 25, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has experienced a mild case of COVID-19 or recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*,

9

*e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020).

### B. Danger to Community and 18 U.S.C. § 3553(a) Factors

Given the Court's determination that Ms. Woods has not shown extraordinary and compelling reasons to justify her release, whether she is a danger to the community and whether the § 3553(a) factors weigh in favor of her release need not be discussed at length. Nonetheless, the Court also concludes that these considerations weigh against Ms. Woods's release.

In the plea agreement, Ms. Woods acknowledged that she prepared over 20 fraudulent tax returns that resulted in the payment of over $150,000. Dkt. 32 at ¶ 17. Additionally, she had approximately 100 debit cards in over 80 different names in her possession. *Id.* These facts demonstrate the seriousness of Ms. Woods's offenses and weigh against granting a sentence reduction.

Additionally, at this point, Ms. Woods has served less than half of her 37-month term of imprisonment. Granting her request for a sentence reduction would not promote respect for the law, reflect the seriousness of the offense, or afford adequate deterrence.

Finally, the Court cannot conclude that Ms. Woods is no longer a danger to the safety of another person or the community. *See* U.S.SG. 1B1.13. Although her clean disciplinary record is exemplary, the Court sentenced Ms. Woods just 18 months ago. Moreover, Ms. Woods's crimes can be committed from anywhere, and thus even a special condition of home confinement is not sufficient to protect the public.

## IV. Conclusion

For the reasons stated above, Ms. Woods's motion for release to home confinement, dkt. [53], and motion for compassionate release, dkt. [65], are **denied**.

**IT IS SO ORDERED.**

Date: 1/28/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel